## J. Maillot *v.* Math. Martin et als.

*A supplemental petition in an injunction suit, should only be allowed for the promotion of justice, and when allowed, an affidavit of the truth of the allegations of the petition, and of the causes that make the amendment necessary, should always be required.*

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Race & Foster*, for plaintiff. *Gaither & McPheeters*, for defendants and appellants.

Voorhies, J. The plaintiff, against whom execution had been issued on a judgment obtained by *C. E. Alter*, but paid with subrogation by the defendant, sued out an injunction, for reasons which are detailed in his petition.

The case was put at issue, and brought to trial; but, after some testimony had been given, the case was continued, with leave to the plaintiff to file a supplemental petition.

The amended petition was subsequently presented and filed, notwithstanding the objections raised by the defendant to the legality of this proceeding. It was properly objected by him, that, inasmuch as the supplemental petition was not accompanied with an affidavit, the plaintiff was not entitled to this relief. It is true, that amendments are not reducible to any certain rule, and that each case is left more or less to the sound discretion of the court; but, in matters of injunction, conceding the propriety of the amendment for the furtherance of justice, it is necessary that an affidavit should be made of the truth of the allegations, and of the causes that make the amendment necessary. *Calderwood* v. *Trent*, 9 R. 227.

This case must, however, be remanded. Some evidence was taken down before the cause was continued, with leave granted to the plaintiff to file a supplemental petition. Subsequently, the defendant moved to strike out the testimony, thus taken, of *Captain Ham*, whom he had not had the privilege of cross-questioning; but the District Court refused to comply with this request. Practically, therefore, the defendant lost the advantage of a cross-examination, without any fault of his own. He did not consent to the continuance of the cause, nor to the filing of the amended petition; and the subsequent absence of the witness cannot, under these circumstances, deprive him of the right to subject his adversary's witness to a cross-examination.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that this case be remanded for further proceedings in accordance with the views above expressed; the appellee paying the costs of appeal.