(60 South. 637.)

No. 19,450.

NETHERLIN et al. v. BIG PINE LUMBER CO.

(Jan. 6, 1913.)

*(Syllabus by the Court.)*

1. INJUNCTION (§ 114*)—PETITION—AMENDMENT—AFFIDAVIT—BOND—CHANGE OF PARTIES.

Where plaintiff in injunction petitions the court for an amendment of his pleadings by substituting another name for the defendant than the one originally sued, he must at least make affidavit to the amended petition, and give a bond in favor of the real defendant, before an injunction can issue. Maillot v. Martin, 15 La. Ann. 40; Calderwood v. Trent, 9 Rob. 227.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

2. INJUNCTION (§ 148*)—BOND—OBLIGEE.

An injunction bond made payable to the order of the "Big Pine Lumber Company" is not one in favor of the "Big Pine Lumber Company, Limited," the real defendant, and it is not a legal bond. Code Prac. art. 304.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 323–334; Dec. Dig. § 148.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by Mrs. Sementha Netherlin and others against the Big Pine Lumber Company. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

John H. Mathews, of Winnfield, for appellant. J. A. Williams and W. C. & J. B. Roberts, all of Colfax, for appellees.

SOMMERVILLE, J. This is an injunction suit brought by the plaintiffs against the Big Pine Lumber Company, where service of petition, citation, and order of injunction were made upon the Big Pine Lumber Company, Limited. The latter company appeared for the purpose of excepting only, alleging that the petition, citation, and order of injunction are all null and void against it because they are all addressed to the Big Pine Lumber Company, and are not addressed to the appearer. The bond for injunction was also made payable to the Big Pine Lumber Company.

Thereafter plaintiffs presented and filed an amended petition, with the permission of the court, alleging error in the name of the defendant, and asking that the words "Big Pine Lumber Company, Limited," be inserted in "the said original petition, prayer, citation and injunction" wherever the words "Big Pine Lumber Company" appear, and that they have judgment against the Big Pine Lumber Company, Limited.

The Big Pine Lumber Company, Limited, appeared, and alleged the nullity of the original suit, and that which was done therein, and asked that the amended petition be disallowed.

There was judgment disallowing the amended petition, sustaining the exception filed to the original petition, and the suit was dismissed. Plaintiffs have appealed.

It was stated on the trial of the cause, and not denied, that two corporations doing business in the parish of Grant are known as the "Big Pine Lumber Company" and the "Big Pine Lumber Company, Limited." It further appears that the last-named company was the one intended to be sued by plaintiffs, and it was served with the papers in the case.

[1] If this were an ordinary suit, the right of plaintiffs to timely amend their petition and correct the name of a defendant would be clearly permissible. But we have held that it is not good practice to permit an amendment of the petition in a suit for an injunction. And we have not been cited to

any authorities where such an amendment has been allowed.

[2] In the present case the injunction could have been issued only upon the giving of a bond in favor of the defendant. This bond has not been given. The bond in the record is in favor of the Big Pine Lumber Company, and not in favor of the Big Pine Lumber Company, Limited. It is therefore not a valid bond. C. P. Art. 304.

Aside from the foregoing objection, the proposed amended petition has not been sworn to as was necessary to have been done. Maillot v. Martin, 15 La. Ann. 40; Calderwood v. Trent, 9 Rob. 227.

There is no error in the judgment appealed from, and it is affirmed, with costs.